For Online Publication Only

FILED
CLERK

5/1/2020 3:41 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MURAT ATES,

                   Plaintiff,

          -against-

FERDAG DILAY ALTINER, ET AL.,

                   Defendants.
------------------------------------------------------------------X

**ORDER**
20-CV-01477 (JMA)(AYS)

**AZRACK, United States District Judge:**

On March 13, 2020, Murat Ates ("Plaintiff") commenced this action against forty-three (43) defendants ("Defendants") seeking to challenge an underlying state court matrimonial and child custody case together with an application to proceed in forma pauperis. (ECF Nos. 1, 2.) Because the complaint was not signed, the Court sent Plaintiff a Notice of Deficiency that instructed Plaintiff to sign and re-file his complaint within fourteen (14) days. (ECF No. 4.) On March 26, 2020, Plaintiff timely filed a signed complaint. (ECF No. 8.) For the reasons that follow, Plaintiff's application to proceed in forma pauperis is denied without prejudice and with leave to renew upon filing the enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239). Alternatively, Plaintiff may pay the $400.00 filing fee.

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Plaintiff's application does not include sufficient information for the Court to make such a finding.

Plaintiff indicates that he is an "unemployed full time law student" and has $600.00 in a checking or savings account. (ECF No. 2 at ¶¶ 2, 4.) He avers that he has not received income from any sources in the past twelve months and claims to own nothing of value because his "house [was] stolen by the defendants in an armed robbery disguised as a matrimonial action." (Id. at ¶ 5.) Although Plaintiff provides a residential address,[1] he did not report any housing expenses, nor did he indicate any other regular monthly expenses such as transportation or utilities with the exception of "monthly payments for cell service, including my children's cell phones, car insurance payments, food and children's lunch money total $1,000." (Id. at ¶ 6.) Plaintiff claims to "live in my car" and reports $140,000 in debts, including $40,000 in credit cards, $40,000 in personal loans, $41,000 in student loans, and $20,000 to Quinnipiac University." (Id. at ¶ 6, 8.) Thus, Plaintiff's application raises more questions than it answers.

Given that Plaintiff has not provided sufficient information for the Court to assess his financial position, the Court finds that Plaintiff can best set forth his current financial position on the Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239). Accordingly, Plaintiff's application to proceed in forma pauperis is denied without prejudice and with leave to renew upon filing the enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239). Alternatively, Plaintiff may pay the $400.00 filing fee.[2] Plaintiff shall either file the Long Form or remit the filing fee within three

---

[1] Notably, Plaintiff alleges that he purchased this residence in 2004 for $850,000. (Compl. ¶ 8.)

[2] Plaintiff is cautioned that, once paid, there are no refunds of the filing fee regardless of the outcome of Plaintiff's claims. The Court suggests that Plaintiff consider whether there are impediments to adjudication of Plaintiff's claims in this Court such as absolute judicial immunity as well as whether the domestic relations exception or the Rooker-Feldman doctrine bars Plaintiff's challenge to orders of the state court in his underlying matrimonial and child custody action in this court. See Puletti v. Patel, 05-CV-2293, 2006 WL 2010809, at *4 (E.D.N.Y. July 14, 2006) (noting the Supreme Court has "long recognized that 'the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" (quoting In re Burras, 136 U.S. 586, 593–94 (1890)). "So strong" is the Supreme Court's deference to state law in this area that it has recognized a "'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12–13 (2004) (internal quotation marks and citation omitted); see also Kropelnicki v. Siegel, 290 F.3d 118, 128 (2d Cir. 2002) ("[T]he Rooker-Feldman doctrine bars

(3) weeks of the date of this Order or this action will be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Court will hold the request for a pre-motion conference (ECF No. 9) in abeyance pending resolution of the filing fee issue.

The Clerk of Court is respectfully directed to mail a copy of this Order and AO 239 to the pro se Plaintiff.


**SO ORDERED.**


Dated:   May 1, 2020
         Central Islip, New York

　　　　　　　　　　　　　　　　　　　　　　　　／s/ (JMA)
　　　　　　　　　　　　　　　　　　　　　　　　JOAN M. AZRACK
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

lower federal courts from exercising jurisdiction over claims that are 'inextricably intertwined' with state court determinations." (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482–83 n. 16 (1983))).